**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
GUS GAGASOULES, JAN NIBLETT, LUSTER
COTE, INC., RHONDA GARNER, and DECOR
SPECIALITIES, INC., on behalf of themselves and
all other similarly situated,                      **MEMORANDUM OF
DECISION AND ORDER**
                Plaintiff,                      08-CV-2409 (ADS)(ARL)

          -against-

MBF LEASING LLC,

                Defendant.
----------------------------------------------------------------X

**APPEARANCES:**

**Chittur & Associates, P.C.**
Attorneys for Plaintiffs
286 Madison Avenue, Suite 1100
New York, NY 10017
      By: Krishnan Shanker Chittur, Esq., Of Counsel

**Klafter Olsen & Lesser LLP**
Attorneys for Plaintiffs
1311 Mamaroneck Avenue, Suite 220
White Plains, NY 10605
      By: Seth R. Lesser, Esq., Of Counsel

**Moses & Singer LLP**
Attorneys for Defendants MBF Leasing, Inc.
405 Lexington Avenue
New York, NY 10174
      By: Jennifer Patricia Nigro, Esq., Of Counsel

**SPATT, District Judge**.

In this action, Gus Gagasoules, Jan Niblett, Rhonda Garner, Luster Cote, Inc., and Decor Specialties, Inc. (collectively "the Plaintiffs"), allege that Defendant MBF Leasing, LLC ("MBF") breached equipment finance leases that it entered into with the Plaintiffs. Presently before the Court are the Plaintiffs' objections to the October 13, 2009 order of United States Magistrate Judge Arlene R. Lindsay, which compelled Plaintiffs Jan Niblett and Rhonda Garner either to appear in New York for depositions or to pay the reasonable costs for one of MBF's attorneys to travel to California to conduct the depositions. For the reasons that follow, the Court remands this matter to Judge Lindsay for clarification on why the Plaintiffs' depositions should not be conducted via video-conference.

## I. BACKGROUND

Plaintiff Jan Niblett is a California resident and the principal of Luster Cote, Inc. Plaintiff Rhonda Garner is also a California resident and the principal of Decor Specialties, Inc. On October 2, 2009, MBF filed a letter motion before Judge Lindsay requesting that she compel the Plaintiffs to appear for a deposition in New York. As an alternative to conducting the depositions in New York, MBF proposed that the Plaintiffs pay the costs for one of MBF's attorneys to travel to California for the depositions. On October 7, 2009, the Plaintiffs sought a protective order directing that

2

the depositions be conducted within 50 miles of their residences or by telephone or video-conference.

On October 13, 2009, Judge Lindsay issued an order granting MBF's motion to compel. In doing so, she denied Plaintiffs' motion for a protective order. Judge Lindsay's order rested on several findings.

First, she observed that there was no dispute that Niblett and Garner had the resources to travel to New York. Second, she rejected the Plaintiffs' argument that they were "compelled" to litigate the case in New York by virtue of a forum selection clause in the lease agreements. In particular, Judge Lindsay observed that this argument was inconsistent with the Plaintiffs' complaint which cited Plaintiff Gus Gagasoules's residence in New York and further stated that "a substantial portion of the activities giving rise to the claims took place [in New York], and the claims arose here." Compl ¶ 15. Finally, Judge Lindsay found that conducting the depositions by telephone would not be feasible "given [the Plaintiffs'] importance to this action and [MBF's] need to use exhibits and observe their demeanor." Order at 2. Under the circumstances, Judge Lindsay determined that "the balance of equities" favored compelling the Plaintiffs to appear for a deposition in New York.

The Plaintiffs offer several objections to Judge Lindsay's order. First, the Plaintiffs stress that they have no ties to New York and renew their argument that they only commenced the lawsuit here because they were compelled to do so because of the

forum selection clause in the finance leases. Second, the Plaintiffs point out that the costs associated with traveling to New York and the resulting disruption of their businesses would be a hardship given that their surviving claim is only worth "a few thousand dollars". Pls. Mem. at 1. Finally, the Plaintiffs contend that neither Judge Lindsay nor MBF have explained why the Plaintiffs are not entitled to a protective order directing that the depositions be held via video-conference.

## II. DISCUSSION

**A. Legal Standard**

Pre-trial discovery issues are generally considered non-dispositive matters. Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir.1990). When considering an appeal of magistrate judge's ruling on a non-dispositive matter, a district judge will only modify or set aside any portion of the magistrate's order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. Rule 72(a). A finding is "clearly erroneous only when the reviewing court[, based] on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed." E.E.O.C. v. First Wireless, Inc., 225 F.R.D. 404, 405 (E.D.N.Y.2004) (quoting Weiss v. La Suisse, 161 F. Supp. 2d 305, 320-21 (S.D.N.Y. 2001)). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Catskill Dev., L.L.C. v. Park Place Entrn't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (citation omitted).

"Pursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co., No. 01 CV 7677, 2002 WL 31309232, at *1 (S.D.N.Y. Oct.15, 2002) (citing Lanzo v. City of New York, No. 96 CV 3242, 1999 WL 1007346, at *2 (E.D.N.Y. Sept. 21, 1999)). A party seeking to overturn a discovery order therefore bears a heavy burden. See Com-Tech Assocs. v. Computer Assocs. Int'l, 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990), aff'd, 938 F.2d 1574 (2d Cir.1991).

**B. The Plaintiffs' Objections**

"There is a general presumption that a plaintiff who chooses a particular forum should be prepared to be deposed in that forum." Connell v. City of New York, 230 F. Supp. 2d 432, 436 (S.D.N.Y. 2002). However, this presumption is weaker where a plaintiff is forced to bring a lawsuit in a particular jurisdiction. Id. (citing Abdullah v. Sheridan Square Press, Inc., 154 F.R.D. 591, 593 (S.D.N.Y. 1994)). In such cases "'courts have permitted nonresident deponents to be deposed where they live, when they have been able to show financial hardship.'" Id. (quoting Normande v. Grippo, No. 01 Civ. 7441, 2002 WL 59427, at *2 (S.D.N.Y. Jan.16, 2002)).

The Plaintiffs contend that they were "compelled" to litigate this case in New York and that, therefore, the forum presumption should not apply in this case. Judge Lindsay determined this argument was inconsistent with the Plaintiffs' allegations that

Gagasoules is a New York resident and that "a substantial portion of the activities giving rise to the claims took place [in New York], and the claims arose [in New York]."  Compl ¶ 15.

Based on the limited record before the Court, it is difficult to determine with any precision why the lawsuit was commenced in New York.  It may be that the Plaintiffs believed they were bound by the forum selection clause.  It could be that Judge Lindsay was correct in reading the Plaintiffs' allegations to mean that they chose New York because Gagasoules was a resident and the claims arose here.  In any event, for the purposes of this motion, it is sufficient that Judge Lindsay reached one of the several reasonable conclusions she could have drawn from these facts.  Under the circumstances, it was not an abuse of discretion for Judge Lindsay to adhere to the general presumption that a plaintiff should be deposed in the forum where the lawsuit was commenced.  Compare Connell, 230 F. Supp. 2d at 436-37 (finding that an indigent plaintiff should not be subject to this presumption because, among other reasons, he had no choice but to bring suit in New York because he was suing the New York City Police Department).

The Plaintiffs contend that the cost of travel would be a hardship in light of the "modest" recovery they seek in this action.  However, the Plaintiffs do not dispute Judge Lindsay's finding that they have the financial means to travel to New York for the depositions.  On these facts, there is no basis to find that Judge Lindsay erred in

determining that the alleged hardship was insufficient to justify a departure from the general presumption that a plaintiff should be deposed in the forum where the lawsuit was commenced.

The Plaintiffs also object to Judge Lindsay's decision not to permit the depositions to be conducted via video-conference. Judge Lindsay found that "*telephone depositions* would not be feasible given [the Plaintiffs] importance to this action and [MBF's] need to use exhibits and observe their demeanor." Order at 2 (emphasis added). The Plaintiffs appear to accept that telephone depositions would not be feasible. However, they contend that Judge Lindsay failed to offer an explanation for why the depositions could not be conducted via video-conference.

The Court agrees with Judge Lindsay's finding that telephone depositions would not be feasible in this case given that MBF has a legitimate concern about viewing the Plaintiffs' demeanor. However, the Court is unable to determine from Judge Lindsay's order whether she considered the Plaintiffs' request to conduct the depositions via video-conference. See Fed. R. Civ. P. 30(b)(4) (stating that a court may, on motion, order that a deposition be taken by remote means); Zito v. Leasecomm Corp., 233 F.R.D. 395, 398 (S.D.N.Y. 2006) (suggesting that certain plaintiffs be deposed via video-conference in order to address the defendants' concern about viewing the plaintiffs' demeanor). Accordingly, the Plaintiffs' motion for a

protective order is remanded to Judge Lindsay for the sole purpose of determining whether the Plaintiffs' depositions should be conducted by way of video-conference.

### III.  CONCLUSION

Judge Lindsay's ruling on the Plaintiffs' motion for a protective order is remanded solely for the purpose of clarifying her decision with respect to whether the Plaintiffs' depositions may be conducted by way of video-conference.

**SO ORDERED.**

Dated: Central Islip, New York
December 22, 2009

*/s/ Arthur D. Spatt*
Arthur D. Spatt
United States District Judge