**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Gus Gagasoules, Jan Niblett, Luster Cote, Inc.,
Rhonda Garner, and Decor Specialities, Inc., on
behalf of themselves and all others similarly situated,

                                       **Plaintiffs,**

      vs.

MBF Leasing, LLC; Lina Kravic; Brian Fitzgerald;
Sam Buono; William Healy; and "John Does" 1 - 100

                               **Defendants**

Docket No.
08 CV 2409 (ADS)(ARL)

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION, AND IN SUPPORT OF PLAINTIFFS' CROSS-MOTION, FOR SANCTIONS UNDER 28 U.S.C. §1927

Dated: New York, New York
January 16, 2012

**Chittur & Associates, P.C.**

286 Madison Avenue Suite 1100
New York, New York  10017
(212)  370-0447

Attorneys for Plaintiffs

## TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.    The Applicable Principles . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    II.    Lillienstein's Demand for Sanctions Against Plaintiffs Personally Is Frivolous and Sanctionable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    III.    Plaintiffs' Counsel's Attempt to Minimize the Expenses For Deposition of the California Plaintiffs Was Amply Supported by Case Law . . . . . . . . . . 5

    IV.    Plaintiffs' Class Claims Were Properly Founded, and Are Being Pursued . . 6

    V.    Plaintiffs' Counsel's Representations to the The Court Were Accurate . . . . 7

    VI.    Lillienstein's Demand for § 1927 Sanctions Against Mr. Lesser And Mr. Breit Are Manifestly Frivolous . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        A.    Mr. Lesser . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        B.    Mr. Breit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        C.    Bad Faith Is Not Shown as to Messrs. Breit and Lesser . . . . 14

    VII.    The Factors for 1927 Liability Warrant Imposition of Sanctions Upon Lillienstein, Not Plaintiffs' Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

TABLE OF AUTHORITIES

*Adkins v. Gen. Motors Corp.,*
2011 WL 1322398 (E.D.N.Y. Mar. 31, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Cf  In re Smith,*
2011 U.S. Dist. LEXIS 6401, at *7 (E.D.N.Y. Jan. 21, 2011) . . . . . . . . . . . . . . . . . . . . . . . 14

*Eisemann v. Greene,*
204 F.3d 393, 396 (2d Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.,*
80 Fed. R. Serv. 3d 537 (S.D.N.Y.  2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Gollomp v. Spitzer,*
568 F. 3d 355 (2d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Henry v. Quarantillo,*
684 F.Supp.2d 298, 302 (E.D.N.Y.2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Kahn v. Superior Chicken & Ribs, Inc.,*
331 F. Supp. 2d 115, 121 (E.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Lapidus v. Vann,*
112 F.3d 91 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Milltex Indus. Corp. v. Jacquard Lace Co.,*
55 F.3d 34, 38 (2d Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Palagonia v. Sachem Central School District,*
2010 U.S. Dist. LEXIS 18137, at *6-7 (E.D.N.Y. Mar. 1, 2010) . . . . . . . . . . . . . . . . . . . . 14

*Phelan v. Torres,*
2005 U.S. Dist LEXIS 43228, at *64 (E.D.N.Y. Sept. 20, 2005) . . . . . . . . . . . . . . . . . . . . 14

*Schlaifer Nance & Co., Inc. v. Estate of Andy Warhol,*
194 F.3d 323, 338 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Solovaara v. Eckert,*
223 F. 3d 19 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada,*
374 F.3d 158, 180 (2d Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

i

*Unite Here v. Cintas Corp.*,
500 F. Supp. 2d 332, 335 (S.D.N.Y. 2007) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 15

*United Republic Ins. Co. v. Chase Manhattan Bank*,
315 F.3d 168, 170–71 (2d Cir.2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Zito v. Leasecomm Corp.*,
233 F.R.D. 395, 397-98 (S.D.N.Y. February 10, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . 6

ii

## PRELIMINARY STATEMENT

In addition to its Rule 11 motion for sanctions, Defendant MBF Leasing, LLC (

"MBF") also moves for sanctions against Plaintiffs' counsel under 28 U.S.C. §1927, and

against Plaintiffs Jan Niblett and Luster Cote under Rule 37, Fed. R. Civ. P.  This motion

likewise should be denied; the record bears out that Plaintiffs' counsel's conduct was

reasonable and responsible, and MBF has not made a showing of the "bad faith" and

improper purpose required for a 1927 motion; further, Lillienstein's  motion for

discovery sanctions against Niblett and Luster Cote was expressly denied by the

Magistrate Judge. As with its Rule 11 motion, MBF purposely misconstrues the record to

mislead the Court.

Inasmuch as the signatory on the motion,  Robert D. Lillienstein ("Lillienstein"),

has been the prime actor in the matters addressed before the Court, this motion will

refer to the motion as Lillienstein's because, for the reasons set forth below, it is his

instant motions that are vexatious and harassing, and appear to be brought for the

improper purpose of chilling Plaintiffs' legitimate claims.  Moreover, because  the

predicate contentions for the motions are representations and arguments contained in

the Lillienstein Affirmation (the "Lillienstein Aff."),  and because it is replete with

misrepresentations and material omissions of fact, under Section 1927, Plaintiffs cross-

move against Lillienstein for sanctions.  It is apparent that the sole purpose of the

motion is harassment and vexation of Plaintiffs' counsel and delay.

1

## ARGUMENT

### I.    The Applicable Principles

Section 1927 requires a showing that "claims were brought in bad faith -- that is, motivated by improper purposes such as harassment or delay." *Unite Here v. Cintas Corp.*, 500 F. Supp. 2d 332, 335 (S.D.N.Y. 2007) (*quoting Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000)).  Sanctions are "proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Unite Here*, 500 F. Supp. 2d at 335 (*quoting State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 180 (2d Cir. 2004)).

Facts supporting a finding of bad faith "must be characterized with a high degree of specificity." *Schlaifer Nance & Co., Inc. v. Estate of Andy Warhol*, 194 F.3d 323, 338 (2d Cir. 1999) (quoting *Milltex Indus. Corp. v. Jacquard Lace Co.,* 55 F.3d 34, 38 (2d Cir. 1995)).  Indeed, the Second Circuit has "interpreted the bad faith standard restrictively . ." *Eisemann*, 204 F.3d at 396.  "[B]ad faith may be inferred only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Solovaara v. Eckert*, 223 F. 3d 19 (2d Cir. 2000) (internal quotations and citations omitted).  As Judge Seybert summarized,

> courts in this circuit construe the statute "narrowly and with great caution, so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." *Romeo v. Sherry*, 308 F.Supp.2d 128, 148 (E.D.N.Y.2004) (*quoting Mone v. C.I.R.*, 774 F.2d 570, 574 (2d Cir.1985) (internal citations omitted)). The purpose of the statute is to deter dilatory tactics, unnecessary delays in litigation, and bad faith conduct by attorneys. *Id.* (*citing United States v. Int'l*

2

> *Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL–CIO*, 948 F.2d 1338, 1345 (2d Cir.1991); *Hudson Motors P'ship v. Crest Leasing Enters., Inc.*, 845 F. Supp. 969, 978 (E.D.N.Y.1994); and *Herrera v. Scully*, 143 F.R.D. 545, 551–552 (S.D.N.Y.1992)). Unlike the objective standard of Rule 11, Section 1927 "requires a clear showing of bad faith[.]" *Novelty Textile Mills, Inc. v. Stern*, 136 F.R.D. 63, 72–73 (S.D.N.Y.1991); *see also Int'l Bhd. of Teamsters*, 948 F.2d at 1345 ("Bad faith is the touchstone of an award under this statute."); *Hudson Motors*, 845 F.Supp. at 978 (holding that "[w]ithout a demonstration of bad faith on the part of the attorney in question, sanctions pursuant to this statute are inappropriate.").

*Adkins v. Gen. Motors Corp.*, 2011 WL 1322398 (E.D.N.Y. Mar. 31, 2011).

Under these standards, it is clear that Plaintiffs' counsel may not be held liable under Section 1927.  Equally clear, it is Lillienstein who should be sanctioned for bringing unwarranted motions and misleading the Court repeatedly.

II.   Lillienstein's Demand for Sanctions Against Plaintiffs Personally Is Frivolous and Sanctionable

Lillienstein's notice of motion seeks, in addition to sanctions against Plaintiffs' counsel,  attorneys' fees and expenses from Plaintiffs Niblett and Luster Cote personally under Rule 37(b)(2)(c) and  (d)(3), Fed. R. Civ. P.  However, nothing in his memorandum in support  explains the basis for such sanctions against Plaintiffs personally; indeed, the case law makes clear that neither provision applies here.  Rule 37(b)(2)(c) provides for payment of attorneys' fees and expenses resulting from  "failure to comply with a court order".  Rule 37(d)(3) enumerates the types of sanctions that may be imposed.  As this Court has explained,

> Rule 37(b) (2) of the Federal Rules of Civil Procedure governs the sanctions that a court may impose for failure to comply with an order to provide discovery. The Rule provides, in pertinent part:  If a party ... fails to obey an order to provide or permit discovery, ...

3

> the court in which the action is pending may make such orders in
> regard to the failure as are just, and among others the following . .

*Vazquez v. Jet Blue Airways Corp.*, 2011 WL 5117597 (E.D.N.Y. Sept. 23, 2011), *report and recommendation adopted*, 2011 WL 5117575 (E.D.N.Y. Oct. 25, 2011).

Lillienstein does not specify which order was allegedly violated by Niblett and/or Luster Cote, personally.  Presumably it is their alleged  failure to appear for deposition, asserted in summary fashion in Lillienstein's Affirmation.  But, while nearly half of the Lillienstein Aff. is devoted to this topic,  it is  replete with misstatements and inaccuracies (*see* Chittur Decl. at ¶¶56-63):  (1)  it is false for Lillienstein to state that Mr. Niblett "never produced discovery" (Def. Mem. 8); he in fact did so *see* Chittur Decl. ¶¶61-62; and (2) Lillienstein  fails to point out the single most important fact about the dispute about Mr. Niblett's deposition-lapse: it was the subject of a Court conference on May 3, 2011.

At the Court's direction, Mr. Niblett participated in that conference by telephone from California; explained  having been out of contact; apologized to the Court, and reiterated his readiness to cooperate and willingness to proceed.  Chittur Decl. ¶¶56-57. The Court accepted Mr. Niblett's apology and assurances, which he had already put in writing (dkt. 168), and permitted him to remain in the case (which permitted Mr. Chittur to withdraw the then-pending motion to be relieved as his counsel).  Chittur Decl. ¶57.

Lillienstein nevertheless omits mention of the conference and how it concluded the disputes about the deposition.  Instead, he simply asserts that "[A]ll of this history, [which] clearly demonstrates Niblett's and Luster Cote's refusal to cooperate in the

discovery process" (Lillienstein Aff. at 14¶37) and  "[t]he other out-of-state Plaintiff, Jan Niblett, never appeared for a deposition...." (Def. Mem. 8).  But Lillienstein omits to mention that he has not sought to depose Niblett  since the May 2011 Court conference. Chittur Decl. ¶¶57-58.

Instead, Lillienstein made another Rule 37 motion for sanctions, dkt 180, which motion was based on substantially the same grounds as raised here.  That motion was summarily denied by the Magistrate Judge on June 24, 2011.  Chittur Decl., ¶59.  Once again, Lillienstein omits to mention this fact.  Moreover, contrary to what Lillienstein claims, Mr. Niblett and Luster Cote did produce discovery, Chittur Decl., ¶¶60-62.

III.   Plaintiffs' Counsel's Attempt to Minimize the Expenses For Deposition of the California Plaintiffs Was Amply Supported by Case Law

In a summary section of two pages, Lillienstein asserts that "Counsel Engaged in Vexatious and Unreasonable Tactics Regarding Discovery, Which Unnecessarily Multiplied the Proceedings," (Def. Mem. 7-9).  Part of the allegations here are based on the supposed "refusal to produce any discovery" (Def. Mem. 7), which, as discussed above, is false and misleading.

Lillienstein otherwise casts fault upon Plaintiffs' counsel for the long-running dispute over where the depositions of Ms. Garner, Decor Specialties, Niblett and Luster Cote should take place. Yet Lillienstein misrepresents the history of that dispute.  He raised it before the Magistrate Judge without even notifying us, let alone discussing with us.  He then rejected the Magistrate Judge's recommendation for conducting a telephone deposition; rejected our suggestion to defer the deposition until later, after class certification appeared viable; rejected our request to conduct the deposition by

5

relatively inexpensive means such as Skype; but instead, insisted on an expensive alternative which made it cheaper for the California Plaintiffs to come to New York. Lillienstein may not like that Plaintiffs'counsel sought to minimize costs and utilize more efficient methods of discovery (which he, in turn, countered by seeking to make the deposition process as expensive as possible, Chittur Decl. ¶¶46-51) but there is legal precedent supporting Plaintiffs' position. *See Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 397-98 (S.D.N.Y. February 10, 2006) ("Indeed, in this case, it would be a hardship for many of the . . . plaintiffs to travel to distant cities to be deposed on claims that in some instances have very modest monetary value. By contrast, there is little prejudice to the defendants, who would also save expenses by taking these depositions telephonically.").

In summary, Plaintiffs' counsel's conduct here clearly does not give rise to sanctions under Section 1927 where (1) the Court permitted Mr. Niblett and Luster Cote to remain in the case, and (2) it was Lillienstein who failed to seek a deposition after the May 3, 2011 conference.  Furthermore, Lillienstein's previous motion for Rule 37 sanctions before the Magistrate Judge was denied, Chittur Decl., ¶59.  To the extent that any party vexatiously burdened these proceedings, it was Lillienstein who, far from working cooperatively to find a cost-effective way to schedule the depositions  of Plaintiffs, multiplied the proceedings by  seeking a "default" for a deposition before the Court (denied), Chittur Decl. ¶54; moving for Rule 37 sanctions (denied), Chittur Decl. ¶59;  and now by filing a Section 1927 motion grounded on misrepresentations .

IV.   <u>Plaintiffs' Class Claims Were Properly Founded, and Are Being Pursued</u>

The next section of Lillienstein's  brief (Def. Mem. 9-12) fundamentally repeats Lillienstein's  allegations concerning Plaintiffs' withdrawal of the motion to amend the

6

complaint. This point is addressed in Plaintiffs" memorandum in opposition to Lillienstein's Rule 11 motion, which is incorporated herein by reference for the sake of brevity.

In summary, Lillienstein first mischaracterizes the testimony of Mr. Gagasoules and Ms. Garner, both of whom clearly testified about how their signatures were fraudulently obtained on the their leases. Chittur Decl. ¶¶25-28. Second, Lillienstein's allegations about the property tax payment by Plaintiffs is based on a deliberate substitution of the actual language of the proposed amended complaint to suit Lillienstein's instant motion. Chittur Decl. ¶65. Lastly, as to the claim against defendant Cohen in proposed amended complaint, Cohen's own testimony reveals that liability could be imposed against him for breach of contract under the corporate veil and alter ego doctrines. *See* Plaintiffs' Opposition to MBF's Rule 11 Motion at 10.

Quite apart from Lillienstein's misrepresentations, the allegedly offending pleading has been withdrawn. Lillienstein cites no authority suggesting that the act of withdrawing a motion that a party had opposed can constitute a §1927 violation.

V.    Plaintiffs' Counsel's Representations to the The Court Were Accurate

Finally, Lillienstein asserts (Def. Mem. 12-13) that, when on November 10, 2011, Mr. Chittur wrote the Court to inform it that Plaintiffs were withdrawing their motion to amend, the stated basis of the withdrawal -- "in order to move this case expeditiously to trial" and to request a pretrial conference – was false and sanctionable. The act of withdrawing an opposed motion certainly cannot have been "intended to needlessly multiple proceedings." Lillienstein Aff. at 19 ¶ 52. The withdrawal of the motion to amend simplified this case; indeed, it compels a more swift conclusion to this case.

Furthermore, with respect to the jurisdictional issue outlined in the pretrial order

of which Lillienstein now complains, Plaintiffs' counsel have learned of contravening

authority.  As was reiterated recently, it is well-settled that:

> The parties cannot consent to the improper exercise of subject matter
> jurisdiction. *Ruiz v. Mukasey*, 552 F.3d 269, 274, n. 1 (2d Cir. 2009); *see
> also Awah v. Holder*, 2010 WL 2572848, at *2 (D. Md. 2010) (*citing Steele
> Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) (if a court is
> uncertain as to whether jurisdiction exists, it cannot proceed to the merits
> of the case)). Because federal courts have an independent obligation to
> ascertain subject matter jurisdiction, the issue must be considered *sua
> sponte*.

*Henry v. Quarantillo*, 684 F.Supp.2d 298, 302 (E.D.N.Y.2010) (*citing United Republic

Ins. Co. v. Chase Manhattan Bank*, 315 F.3d 168, 170–71 (2d Cir.2003) (subject matter

jurisdiction should be treated as a threshold issue, not simply addressed when raised by

one of the parties).

There is a split of authority on the issue of subject-matter jurisdiction under the

present circumstances, with some courts retaining jurisdiction while others declining.

The Southern District, for instance, has viewed the issue differently,

> . . CAFA jurisdiction is generally evaluated at the time the
> complaint is filed. *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53,
> 56–57 (2d Cir. 2006) ("We generally evaluate jurisdictional facts ...
> on the basis of the pleadings, viewed at the time" of filing); *see also
> In re Burlington Northern Santa Fe Ry. Co.*, 606 F.3d 379, 381 (7th
> Cir. 2010) (per curiam) ("CAFA jurisdiction attaches when a case is
> filed as a class action...."). Indeed, several circuits have held that
> "most post-removal events will not affect federal jurisdiction" under
> CAFA. 14B Charles Alan Wright & Arthur R. Miller, *Federal
> Practice and Procedure* § 3724 (4th ed.); *see, e.g., In re Burlington
> Northern*, 606 F.3d at 381 (holding that "plaintiffs' decision not to
> pursue class certification" did not deprive the court of jurisdiction).

*Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.*, 80 Fed. R. Serv. 3d 537 (S.D.N.Y.

2011).  Thus, Plaintiffs' assertion that the issue is not "free from doubt," Dkt. 187 at 2,

was and remains accurate.  This Court's jurisdiction over this case now is, at a minimum, a matter as to which there is legal dispute, even within this Circuit.

Accordingly, Lillienstein's assertion that this case "could never go to trial" is baseless.  There is a good faith reason to argue that this Court can, indeed, retain jurisdiction.

And it is no less true that the motion to amend was, in fact, withdrawn to move matters to trial.  Whether in this Court (should it retain jurisdiction) or in state court upon re-filing, Plaintiffs' claims will be prosecuted and Mr. Chittur's request for a pretrial conference to address what might occur in the case was for no other purpose than to move matters forward.  Further, while Lillienstein asserts that there was a nefarious "real reason" for the withdrawal (the filing of the *Teague* case in the Southern District), Lillienstein Aff. at page 18, as to the Plaintiffs in this case, there was a compelling reason why the withdrawal made sense: while the named Plaintiffs were willing to be representatives of the class, the case is several years old and they wish to have their day in Court. This is particularly so because last year, as these Plaintiffs know, Messrs. Chittur and Altman obtained a settlement one day before trial was set to begin before Hon. James Gwin (sitting by designation) in a case against another of MBF's affiliates, which settlement resulted in substantial recoveries for the individual clients in that case. *See* Chittur Decl. at ¶71.  Had the pending motion to amend been permitted, and the case then proceeded as a putative class action, the delay for these individual Plaintiffs would  have extended the time frame for them even more. Withdrawing the motion to amend paves the way for an expeditious trial either here or in another Court which, at this point, was in the paramount interests of the Plaintiffs

here.

Finally, Lillienstein claims that the filing of the *Teague* action itself "reveals Counsel deceitful and bad faith" [sic], apparently because it constitutes part of the tactic of withdrawing claims and forum shopping.  Lillienstein Aff. at 19¶52.  This assertion is wrong because, as Lillienstein knows full well (by virtue of being counsel in the various cases), the *Teague* case was filed in the Southern District  where co-counsel had filed a pending  class action against other of MBF's affiliates as a matter related to that prior case.  Chittur Decl ¶75; Breit Decl.¶7.  It cannot possibly be, as Lillienstein states, "misleading, clearly vexatious and intended to needlessly multiply proceedings" (Lillienstein Aff., 19¶52) either in this or other courts generally to have two related class actions proceed together before a single judge in a single court rather than to have such related cases proceed in different courts.  Quite the contrary:  that is the sensible, and efficient  way to proceed.

**VI.  Lillienstein's Demand for § 1927 Sanctions Against Mr. Lesser And Mr. Breit Are Manifestly Frivolous**

The utterly baseless nature of Lillienstein's  motion is highlighted by its demand for sanctions against Mr. Lesser and Mr. Breit.  No colorable allegations at all are made as to Mr. Lesser and Mr. Breit in Lillienstein's  motion and, as explained below, the demand is meritless.

**A.  *Mr. Lesser***

The only assertions as to Mr. Lesser, instead, are limited to several references to Mr. Lesser in the Lillienstein Aff. relating to Mr. Lesser's name as counsel on Ms. Garner's complaints.  Lilienstein Aff. at 3-4 ¶¶ 8-10.  Specifically, the only possible basis

10

for § 1927 liability is that Lesser was a non-signatory co-counsel on the original complaint of Ms. Garner in the Southern District of New York and then, when additional plaintiffs arrived, was a non-signatory co-counsel on the complaint in this Court and proposed the amended complaint. *See* Lilienstein Aff. at 3-4 ¶¶ 8-10. Supposedly, according to Lillienstein, this is sanctionable because it is part of the supposed "tactic" (Def. Mem. 2) of filing cases and withdrawing them.

But Lillienstein's blunderbuss contention is belied by the fact that Mr. Lesser is not counsel on the filing that supposedly proves the pattern – that of the complaint filed in *Teague v. Lease Finance Group* in the Southern District of New York (Case No. 11-cv-8125). Inasmuch as Mr. Lesser cannot be charged with anything involving discovery, *see* Lesser Decl. at ¶ 8, and no allegations are made as to what Mr. Lesser might or might not have known or otherwise done *vis-à-vis* the complaint, even if there were such a wrongful "tactic" of filing and withdrawing complaints (which there is not), then, most certainly, Mr. Lesser cannot be charged with this supposed repetitive filing and withdrawing of claims since Mr. Lesser was merely listed as co-counsel on (1) two complaints filed by Ms. Garner, and (2) a proposed amended complaint by Ms. Garner in this Court, which proposed amended complaint was withdrawn. Lesser Decl. at ¶¶ 6-8. Surely, being co-counsel on the complaints filed on behalf of an individual does not constitute a violation of Rule 27 or else, indeed, attorneys (such as law professors or retired judges or attorneys with non-profit or other groups) would have good reason to be fearful of becoming involved in cases, *see* Lesser Decl. at ¶ 7, and, in large multi-counsel cases, such as major MDL proceedings, each and every lawyer would be required to independently ascertain the validity of pleadings and attacks on pleadings, rather

11

than being able, as Mr. Lesser did, to rely on his co-counsel.  Lesser Decl. at ¶¶ 7, 10.

None of the discretionary factors which Lillienstein asserts a court may consider when deciding whether to issue §1927 sanctions is applicable to Mr. Lesser; indeed he does not even name Mr. Lesser in that context. *See* Defendant's Mem. at 13-14.  In fact, to the extent that would apply to the offending counsel's own actions (such as item 12, *see* Def. Mem. at 14), nothing Mr. Lesser did could constitute persisting in advancing a position while on notice that the position was legally or factually meritless since Mr. Lesser's sole actions were to be on a complaint for Ms. Garner (and, in this Court, her two co-plaintiffs) and then on a proposed amended complaint that was withdrawn.

Finally, since Def. Mem. adverts to such matters as a supposed basis for imposing sanctions, Mr. Lesser has never been the subject of any disciplinary proceeding or, prior to now, any Rule 11 sanctions motion, see Lesser Decl. at ¶ 5, much less held to have violated any disciplinary rule, Rule 11 or Section 1927, and, it is perhaps not unfair to say that he has a recognized level of substantial professional standing, having, over the years, been asked to be a member of, *inter alia*, multiple advisory and other committees, has held leadership positions in a number of professional organizations, been appointed by courts to lead major multidistrict litigations, has published widely and been repeatedly asked to talk at legal conferences on a broad range of matters, and received other honors including, *e.g.,* having been inducted into the American Law Institute. Lesser Decl. at ¶¶ 3-4 & Ex. A thereto.

B.    *Mr. Breit*

Lillienstein's §1927 sanctions motion against Mr. Breit asserts only that in the context of filing the *Teague* case, Mr. Breit evidenced bad faith, without further

12

specifying what that bad faith entailed.  "The purpose of particularized notice [under § 1927] is to put counsel on notice as to particular factors that he must address if he is to avoid sanctions." *Lapidus v. Vann*, 112 F.3d 91 (2d Cir. 1997)  (citations omitted).  Here, there is nothing more in Lillienstein's  submission than the unfounded allegation contained within the conclusory statements in the Lillienstein Aff. that "[t]he filing of the Teague action, coupled with Counsel's simultaneous request to withdraw the motion to amend, reveals Counsel [sic] deceitful and bad faith." Lillienstien Aff. at ¶ 52.

What Lillienstein *inexplicably* fails to reveal to the Court is that the new case was filed as "related" to  *Simington et al. v Lease Finance Group, et al.*, 10 Civ. 6052 (KBF) (SDNY), filed by Mr. Breit's firm in August of 2010, and which has been defended for almost 1 ½ years by Lillienstein's firm. Breit Decl. at ¶7.  Indeed, briefing on motions to dismiss in *Simington* is underway at this very moment. As is readily apparent from the new *Teague* complaint (Exhibit D to the Lillienstein Aff.), though the plaintiffs are from different states and there are some new and different defendants, the causes of action precisely track *Simington*, and far from "forum shopping"  or "needlessly multiply[ing] proceedings," the new case was properly brought in the same court, and has now been assigned to the same judge, as *Simington*.

It is clear that none of the discretionary factors which Defendant asserts a court may consider when deciding whether to issue §1927 sanctions is applicable to Mr. Breit; indeed Defendant does not even name Mr. Breit in that context.  Def. Mem. at 13, ¶ E. Mr. Breit has never been sanctioned, nor has a sanctions motion ever been brought against him.  He has been a member of the bar for over 30 years; has been member of the Association of the Bar of the City of New York for more than 20 years where he has

13

served on the Art Law Committee, the Committee on State Courts of Superior
Jurisdiction, the Committee on Federal Legislation, the Committee on the Judiciary and
the Committee on Products Liability. He is currently a member of the Federal Bar
Council American Inn of Court (Master) in the Southern District. He has dedicated his
career to the highest ideals of professionalism. Breit Decl. at ¶ 2.

      C.     *Bad Faith Is Not Shown as to Messrs. Breit and Lesser*

      Fully separately and independently, there is nothing whatever within the §1927
sanctions motion or supporting documents to support a finding that Mr. Breit or Mr.
Lesser acted with the requisite bad faith.  "In addition to the substantive requirement of
bad faith," the Second Circuit has imposed a procedural requirement . . requiring
notification of (1) the source of authority for sanctions being considered; and (2) the
specific conduct or omission for which the sanctions are being considered . ." *Gollomp v.
Spitzer*, 568 F. 3d 355 (2d Cir. 2009)  (internal quotation marks omitted).  *Cf  In re
Smith*, 2011 U.S. Dist. LEXIS 6401, at *7 (E.D.N.Y. Jan. 21, 2011) (where Appellants'
arguments on appeal were "utterly devoid of merit," sanctions were denied in absence of
clear showing of bad faith); *Palagonia v. Sachem Central School District*, 2010 U.S.
Dist. LEXIS 18137, at *6-7 (E.D.N.Y. Mar. 1, 2010) (plaintiffs "failed to show even the
slightest indication of bad faith" where answer allegedly contained statements made for
improper purpose, were unwarranted by law, and had no evidentiary support); *Phelan v.
Torres*, 2005 U.S. Dist LEXIS 43228, at *64 (E.D.N.Y. Sept. 20, 2005) (plaintiffs'
motion for sanctions denied where defendant allegedly ignored Supreme Court
precedent, mis-cited caselaw, and raised legally unreasonable arguments); *Kahn v.
Superior Chicken & Ribs, Inc.*, 331 F. Supp. 2d 115, 121 (E.D.N.Y. 2004) (on granting

summary judgment to defendant, court denied sanctions where plaintiff allegedly brought frivolous claims); *Unite Here*, 500 F. Supp at 336 (claim that plaintiffs' counsel pursued meritless lawsuit was insufficient and failed to show that plaintiffs' counsel unreasonably and vexatiously multiplied proceedings).  Here, Lillienstein has failed to provide even a scintilla of evidence that Mr. Breit or Mr. Lesser have acted with bad faith, and in fact, no such evidence exists.  *See* Lesser Decl. at ¶¶ 6-14, Breit Decl. ¶7. Thus, Lillienstein's motion for sanctions under §1927 must be denied as to Mr. Lesser and Mr. Breit.

VII.   The Factors for 1927 Liability Warrant Imposition of Sanctions Upon Lillienstein, Not Plaintiffs' Counsel

Each of the factors listed at Def. Mem. 13, warrant the imposition of sanctions upon Lillienstein, not upon Plaintiffs' counsel.

*First*, the degree of "willfulness, vindictiveness . . . or frivolousness" is clear. After stonewalling class discovery, Lillienstein has – in this very motion - willfully misrepresented facts, indeed, even substituted express language in Plaintiffs' proposed amended complaint.  Pertinently, on November 29, 2011, Mr. Chittur wrote to the Court and explained some of the core misrepresentations contained in the Rule 11 papers and the then-threatened Section 1927 motion.  Dkt. 187 (letter of Mr. Chittur to the Court). Notwithstanding Mr. Chittur's having pointed out some of the core misrepresentations, they are repeated, without any effort at amelioration or clarification, in the present papers.

Likewise, Mr. Breit and Mr. Lesser also pointed out, in letters to Lillienstein that there were no basis for sanctions under Rule 11 against them.  Yet, even after

15

acknowledging a lack of Circuit precedent that would permit such sanctions (and still finding none that would permit sanctions against either of them), *see* Lesser Decl. at ¶¶ 11-12 & Ex. B; Breit Decl. at ¶7, Lillienstein still filed the present papers, again without any effort of amelioration or clarification.  Indeed, at the same time that Lillienstein asserts serious Rule 11 charges against these two attorneys, he either failed to research the applicable case law in this Circuit, including the controlling *O'Brien* decision (as discussed in Plaintiffs' memorandum opposing Lillienstein's  Rule 11 motion), or (more likely) simply ignored it.  Respectfully, these actions bespeak bad faith.

*Second*, Lillienstein's "knowledge, experience and expertise" is also clear.  For example, he certainly knew the restrictions of Rule 37, and the impropriety of seeking sanctions against Niblett and Luster Cote.  And he must be presumed to have known the nature of his misconduct in making false representations by distorting Plaintiffs' deposition testimony , as well as the  litany of misrepresentations or omissions of law and fact addressed above.

*Third*, the record of this very case is a history of sanctionable conduct by Lillienstein.  This includes, without limitation (a) concealment of the critical fact that MBF was nothing more than a front, which caused the Court and Plaintiffs' counsel to waste tremendous time and effort¬, *see* Chittur Decl. ¶¶9, 84; (b) producing limited documents which were only a small potion of MBF's database and a list of 560 "users" falsely representing them to be "MBF's" document production and employees, when in fact, MBF had no assets and no employees, Chittur Decl.¶¶32-3, 84; (c) failing to comply with the Court's express order that "MBF  [to] ensure that database includes all communications with vendors,"  Dkt.  49, which has still not been produced¬, Chittur

16

Decl. ¶84; (d) misrepresenting Plaintiffs' Deposition testimony, and repeating such misrepresentation despite being alerted to its falsity, Chittur Decl. ¶¶28-29; and (e) filing this unwarranted motion by distorting facts and making false assertions.

*Fourth*, as discussed at page 1, the above actions were clearly attributable to Lillienstein. As counsel, he had the obligation to represent the underlying bases for his motion accurately to the the Court. We respectfully submit that this he did not do.

*Fifth*, the "risk of chilling" is very real. Although involved in over 100 -cases, Mr. Chittur has not abandoned a single one of his clients and indeed, obtained substantial amounts for lessees in damages, such as in the *Serin* case. Chittur Decl.¶¶19-21, 71. Other cases are obviously beyond the record in this litigation, but they highlight that the very purpose of this motion certainly appears to be to intimidate Chittur as well as the other plaintiffs' counsel to chill zealous representation of the small businesspersons.

*Sixth*, the "opposing party's need for an award" also favors Plaintiffs. Intimidatory litigation tactics has defined this case while Lillienstein and his firm continue to collect untold dollars in fees. Chittur Aff. ¶72. The draining effect of Lillienstein's scorched earth litigation tactics can hardly be exaggerated; this baseless motion itself has taken the greater part of a full- two weeks to respond to by several different lawyers.

*Seventh*, the "relative magnitude" of the award favors a significant award. To accuse other lawyers of sanctionable misconduct and to do so in a manner that shows little disregard for the facts and involves mis-transcription of deposition testimony and court filings, and ignores prior Court rulings and hearings is conduct that should not be countenanced.

*Eighth,* the "burdens on the court system due to the misconduct" are enormous. Such motions as these are not ones that this Court should have to spend time and resources analyzing and addressing.

*Finally*, as is clear from the above and from the history of the discovery disputes as a whole, *see, e.g.,* Chittur Decl. ¶¶41-50, Plaintiffs have consistently attempted to mitigate the consequences of Lillienstein's misconduct.

In sum, each of these factors requires that sanctions be imposed upon Lillienstein.

## CONCLUSION

For the reasons set forth herein, Lillienstein's motions for sanctions pursuant to 28 U.S.C. §1927 should be denied. And, while the undersigned are cognizant of the fact that Courts do not like to see sanctions motions filed upon sanctions motions, it is finally most respectfully submitted that sanctions are warranted against Lillienstein for the filing of the present motion because it is not grounded in law or in fact and, to the contrary, has all appearances of being made for vexatious and harassing purposes.

Dated: January 16, 2012

Respectfully submitted,

Sd/
By:_____

Krishnan Shanker Chittur
CHITTUR & ASSOCIATES, P.C.
286 Madison Avenue
Suite 1100
New York, NY 10017
Tel:  212- 370-0447
Fax: 212-370-0465

Keith Altman

18

Sd/

By:_____

Law Offices of Keith Altman

26 Willow Drive

Massapequa Park, NY 11762

(516) 456-5885

Seth R. Lesser

Sd/

By:_____

KLAFTER OLSEN & LESSER LLP

Two International Drive, Suite 350

Rye Brook, NY 10573

Telephone: (914) 934-9200

Facsimile: (914) 934-9220

Mitchell M. Breit

Sd/

By:_____

HANLY CONROY BIERSTEIN

SHERIDAN FISHER & HAYES, LLP

112 Madison Avenue

New York, New York 10016

Tel. (212) 784-6400

Fax (212) 213-5949

*Attorneys for Plaintiffs*