UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Gus Gagasoules, Jan Niblett, Luster Cote, Inc.,
Rhonda Garner, and Decor Specialities, Inc., on
behalf of themselves and all others similarly situated,

Docket No.
08 CV 2409 (ADS)(ARL)

                          Plaintiffs,

   vs.

MBF Leasing, LLC; Lina Kravic; Brian Fitzgerald;
Sam Buono; William Healy; and "John Does" 1 - 100

                          Defendants

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFFS' CROSS-MOTION FOR SANCTIONS UNDER 28 U.S.C. §1927**

Dated: New York, New York
      March 1, 2012

**Chittur & Associates, P.C.**
286 Madison Avenue Suite 1100
New York, New York  10017
(212)  370-0447

Attorneys for Plaintiffs

TABLE OF CONTENTS

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.       Mr. Niblett And Luster Cote May Not Be Sanctioned. . . . . . . . . . . . . . . . . . 3

            A.      This Court Accepted Niblett/Luster Cote's Apologies and Pledges of "Absolute" Cooperation, And Expressly Rejected Lillienstein's Sanctions Motion on The Very Grounds Asserted Here. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

            B.      The Same Motion Was Brought Before the Magistrate Judge, And Denied. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

            C.      Lillienstein's Allegations Concerning Niblett/Luster Cote's Alleged "Failure to Provide Discovery" are False. . . . . . . . . . . . . . . 5

    II.      Plaintiffs' Efforts to Minimize Litigation Expenses Are Not Sanctionable. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    III.     Ms. Garner's and Mr. Gagasoules' Claims Were Consistent With Their Testimony. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    IV.     Plaintiffs' Representations Concerning Subject-Matter Jurisdiction Were Reasonable. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    V.      Messrs. Breit & Lesser May Not Be Sanctioned. . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

PRELIMINARY STATEMENT

Lillienstein's opposition ("DRM," Dkt. 226) fails to address the issues raised in Plaintiffs' cross-motion and largely repeats his earlier accusations which have been shown to be baseless. The sanctions motions against Plaintiffs Niblett and Luster Cote based on the very allegations at issue were previously denied by this Court and then again by the Magistrate Judge. Plaintiffs' Memo ("PM", dkt 215), 4-5. Thereafter, although Niblett/Luster Cote agreed to cooperate and the Court acknowledged their apology for earlier lapses, Lillienstein never attempted to obtain discovery from Niblett/Luster Cote, and his assertions about their failure to provide discovery according to the parties' Stipulation is contrary to the Stipulation's express language. KCA (dkt. 219), 24¶¶61-62. And while Plaintiffs' efforts to minimize litigation expenses were not accepted by the Magistrate Judge, that does not make them sanctionable.

As pointed out in Plaintiffs' papers in opposition to Lillienstein's Rule 11 motion, dkt. 212 at 4, Lillienstein literally changed the words of the PAC to manufacture a grievance about the property tax allegations; he does not dispute that. Nevertheless, he argues that his word-change reflected an "objective" reading of the PAC, LRA4 - but his own interpretation of the PAC cannot excuse the use of ellipses to change the plain words of the PAC when he argued that, on its face, the PAC said something different from what it actually said. Moreover, his "objective" interpretation is contrary to how this very Court read the PAC to direct supplementary briefing on the issue of Plaintiffs' standing, *infra*. In addition, Lillienstein concealed the critical fact that MBF was a shell-entity, causing unnecessary motion practice and expense wasting the resources of both, the Court and Plaintiffs. KCA (Dkt 219), 13¶30-14¶33. Lillienstein does not dispute

1

that, and does not explain how his submission of, for example, a list of persons as MBF employees were or could have been truthful.

Likewise, while Lillienstein's Rule 11 reply memorandum repeatedly asserts "post hoc" justifications are now being made (and his Section 1927 Reply incorporates those contentions by reference, DRM11), his assertions are largely based on his view of matters that are plainly and fairly legally debatable: these, include for instance, (a) what constitutes "typicality" in a class action, *compare* Defendant's Rule 11 Reply Mem. (Dkt. 224), 2-4, *with* Plaintiffs' Memo (dkt. 212), 6-7; (b) what level of particularity of allegations is needed with respect to vicarious liability claims, *compare* Defendant's Rule 11 Reply Mem. (Dkt. 224), 4-5, *with* Plaintiffs' Memo (dkt. 212), 10-11; (c) whether, when a company's affiliates have collected taxes and filing fees against certain customers long after such affiliates had failed to do so, a potentially liable customer can assert a claim to preempt assertion of such a right, *compare* Defendant's Rule 11 Reply Mem. (Dkt. 224), 3, *with* Plaintiffs' Memo (dkt. 212), 6; and (d) whether, when a party itself admits, under oath at a Rule 30(b)(6) deposition that there is a difference between two economic instruments (LDW as compared to insurance), it is permissible to assert a claim based upon that admission, *compare* Defendant's Rule 11 Reply Mem. (Dkt. 224), 5-6, *with* Plaintiffs' Memo (dkt. 212), 11.

More important for present purposes is that Lillienstein once again misrepresents Plaintiffs' earlier affirmation in this context: he asserts that Plaintiffs' counsel affirmed earlier that "<u>any</u> contractual right that <u>MBF</u> may have had to collect such taxes was transferred to an entity called SKS Associates. ." Defendant Rule 11 Reply Memo (Dkt. 224), 3 (*citing* Chittur Aff. June 2, 2011 (dkt. 175) and exhibit 2

thereto, dkt. 175-2, emphasis added). On this basis, Lillienstein asserts that "If counsel's prior affirmation is to be believed, there is no factual basis for a claim that MBF has any current right to collect property taxes or filing fees from these Plaintiffs." *Id.*

In fact, the Chittur Affirmation did not state what Lillienstein claims it did. It stated merely that "Recently, Defendants formed a new corporation, SKS Associates, for the very purpose of collecting property taxes that, according to Defendants, should have been collected in the past but weren't." Dkt. 175, 3¶5. And the exhibit thereto - which is specifically cited by Lillienstein, *id.* - stated that under a "Purchase Agreement, NLS sold and SKS purchased NLS's rights" to receive reimbursement of" property taxes and filing fees. Dkt. 175-2 at 7 (emphasis added). Plaintiffs' claim in the PAC was thus, that since Defendants had, under the same form lease with the same provisions as here, asserted a right to collect property taxes and filing fees against others, Plaintiffs were entitled to injunctive relief against such collection. Lillienstein misquotes the earlier affirmation to manufacture a grievance.

This Court should never have been called upon to have its time taken up with sorting through these matters. Plaintiffs respectfully submit that their cross-motion should be granted in recognition of the ultimate point that it is the present two motions submitted by Lillienstein and Moses & Singer that highlight vexatious litigation.

ARGUMENT

I. <u>Mr. Niblett And Luster Cote May Not Be Sanctioned</u>

  A.  *This Court Accepted Niblett/Luster Cote's Apologies and Pledges of "Absolute" Cooperation, And Expressly Rejected Lillienstein's Sanctions Motion on The Very Grounds Asserted Here*

Plaintiffs' prior memo pointed out that on May 3, 2011, this Court accepted

3

Niblett/Luster Cote's apologies for earlier lapses concerning their deposition, and thereafter, Lillienstein had never sought to conduct their depositions. PM (dkt 215), at 3-5. Lillienstein concedes that he never sought to reschedule depositions, but asserts that this Court did not "excuse" Niblett/Luster Cote. DRM (dkt 226), at 5.

First, Lillienstein moved for sanctions against Niblett/Luster Cote on the very same grounds that he now raises. Dkt. 154; Chittur Reply Aff ("CRA"), Ex. 2. He reiterated these grounds in the May 3, 2011, conference. Lillienstein Reply Aff. ("LRA"), Ex. 1, at 5 (dkt. 223-1). This Court denied Lillienstein's motion: "your motion for sanctions or any other penalties is also denied. . . ." LRAX1 at 6 (dkt. 223-1).

Second, Niblett/Luster Cote had independently sent a written apology to the Court, and assured that they were "fully prepared and willing to proceed." CRAX1 "Ex. 1," Letter filed Apr 27, 2011 (Dkt. 168). On May 3, 2011, this Court held a conference wherein the following exchange took place:

> THE COURT: You have to cooperate with them. That's very important.
> Mr. NIBLETT: Absolutely.
> THE COURT: You will do that?
> MR. NIBLETT: Yes, Your Honor. I most certainly will.

LRAX1 (May 3, 2011, conference tr., Dkt. 223-1), 11.

Lillienstein made no effort to secure any discovery from Mr. Niblett and/or Luster Cote after that date. CRA8¶21.

B.    *The Same Motion Was Brought Before the Magistrate Judge, And Denied*

Lillienstein made the same sanctions motion, once again, before Magistrate Judge Lindsay. Dkt. 180. She denied it summarily for failure to comply with the "meet and confer" requirement for discovery disputes. KCA23¶59 (dkt 219).

4

Lillienstein then demanded that Mr. Niblett and Luster Cote pay him tens of thousands of dollars for his fees, and now claims that he was "unable" to resolve the "sanctions issue," DRM5 (dkt. 226). In other words, as he now all but admits, LRA13¶32, his "meet and confer" obligation was not to resolve a perceived discovery dispute, but only the amount of sanctions that Mr. Niblett/Luster Cote would pay him - despite the fact that this Court had expressly denied any such sanctions or "penalties".

Lillienstein's conduct flouts the Federal Rules, which provide that the "meet and confer" must be "an effort to obtain" the "disclosure or discovery . . without court action." Fed. R. Civ. P. 37(a)(1). "The purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention." *Barletta v. Quiros*, 2011 WL 6260436 (D. Conn. Dec. 15, 2011). The record is clear that Lillienstein never made a good faith attempt to comply.

   C. *Lillienstein's Allegations Concerning Niblett/Luster Cote's Alleged "Failure to Provide Discovery" are False*

Plaintiffs have also shown that Lillienstein's allegations that Niblett/Luster "did not produce documents and did not respond to interrogatories" in accordance with the parties' stipulation was "false and misleading <u>in its entirety</u>," KCA24¶60 (emphasis in original). Not only had his earlier motion on the same grounds had been denied, *id.*, the express language of the Stipulation belies his claims. *Id.*, ¶61.

Lillienstein doctors the actual language of the Stipulation again by omitting critical portions in order to manufacture this allegation. The discovery requests he cites, DRM7 (dkt 226) were class-certification related queries to be addressed after Plaintiffs' counsel received class discovery from Lillienstein (which never took place). CRA9-

5

10¶28. What is most significant - and what Lillienstein conveniently ignores - is that the requests *called for no response from Mr. Niblett and/or Luster Cote*. *Id*. Thus, the "Second Discovery Demand Request no. 6" reads as follows, *in full*:

> e. Request No. 6 - for each and every equipment finance lease **between MBF and any putative class member** that Plaintiffs claim was altered or modified after the lease was executed by the lessee or guarantor: (i) a copy of that equipment lease in the form signed by the lessee and (ii) a copy of that equipment lease in the form signed by the lessee; and (iii) a copy of that equipment lease after it was altered or modified. <u>These documents shall be produced after counsel has had an opportunity to determine whether other MBF lessees have similar claims against MBF with respect to the breach of contract action, and are potentially suitable members of the putative class.</u>

LRAX3 (Dkt. 223-3), 4¶e. Lillienstein's suggestion that this was a discovery obligation of Niblett/Luster Cote is perplexing given the words italicized and in bold above.

More importantly, *Lillienstein omits the underlined portion*, LRA16-17¶40, which shows that there was no discovery failure at all, let alone by Niblett/Luster Cote. As explained in the accompanying affirmation, CRA9-10, the litigation never reached the stage of determining "potentially suitable members of the putative class."

This is true of every one of the five items about which Lillienstein now complains. *Id*. Each item concerned class membership and certification, not Niblett and/or Luster Cote, and each had a responsive provision which Lillienstein omits, DRM7. "First Set of Interrogatories, No. 7", dkt. 223-3 at 7¶f; "First Set of Interrogatories, No. 8," dkt. 223-3 at 7¶g; "First Set of Interrogatories, No. 9," dkt. 223-3 at 8¶h; "First Set of Interrogatories, No. 8," dkt. 223-3 at 8¶I. It is not Plaintiffs that "fail[ed] to address" anything, LRA17¶41; it is Lillienstein who fails to reproduce the responses truthfully.

6

II.    <u>Plaintiffs' Efforts to Minimize Litigation Expenses Are Not Sanctionable</u>

Plaintiffs pointed out that Plaintiffs' attempts to minimize litigation expenses were proper and far from frivolous. PM5-6. Lillienstein does not dispute this. Rather, he contends that the Magistrate Judge rejected our arguments, DRM6. That, however, is not a basis for a sanctions motion (or else, nearly all discovery disputes, even when lengthy and protracted, would become grist for sanctions motions).

Plaintiffs had proposed to Lillienstein that the California depositions be postponed until class certification appeared feasible, but he rejected that proposal. KCA17¶¶41-43, and even now, offers no explanation for that rejection. It was Lillienstein's insistence on taking those depositions which led to unwarranted expenses, which could have been avoided if only Lillienstein had accepted Plaintiffs' proposal to defer them until an appropriate time. CRA6¶15.

Lillienstein also does not explain how Defendant could have been prejudiced by the use of inexpensive and widely used videoconferencing methods such as Skype or Google, which he refused, KCA18-19¶46 ( dkt. 219). He also does not explain why or how Skype or Google would have been inadequate, much less why or how Plaintiffs' efforts to have those facilities used was sanctionable conduct.

Lastly, we pointed out that Lillienstein's claim that Mr. Chittur "negotiated" over "different videoconferencing technologies" was false, KCA at 19¶47; no such negotiation took place. Lillienstein does not dispute this.

III.    <u>Ms. Garner's and Mr. Gagasoules' Claims Were Consistent With Their Testimony</u>

Plaintiffs pointed out that the allegations in the PAC concerning Ms. Garner and Mr. Gagasoules were "specifically derived" from their depositions. Plaintiffs' Memo re

7

Rule 11 (dkt. 212), at 8-10; KCA (dkt. 213), ¶¶12-21.  Mr. Gagasoules repeatedly testified that he had unequivocally refused to sign any contract, and his signatures were fraudulently obtained.  So also, Ms. Garner was unaware that her signature was being taken on a lease; as Lillienstein himself acknowledged, she, "at the time did not understand it" to be a lease.  Plaintiffs' Memo re Rule 11 (dkt. 212 at 8-9), 1.

Lillienstein has no response to these facts - which defeat his claim of wrongful (much less sanctionable) conduct, except incorporating his prior arguments by reference.  DRM7.

IV.  Plaintiffs' Representations Concerning Subject-Matter Jurisdiction Were Reasonable

Plaintiffs also argued that subject-matter jurisdiction was not a matter of parties' consent, and when Plaintiffs' counsel was alerted to cases such as *Erasquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.,* 80 Fed. R. Cerv. 3d 537 (S.D.N.Y. 2011), it was not improper to change positions and to draw the Court's attention to cases upholding CAFA jurisdiction where certification was denied.  PM (dkt. 215), at 8-9.  Simply because a case quotation may have been in *dicta* does not mean that Plaintiffs' position based on that quotation was sanctionable.

Lillienstein also seeks to distinguish *Erasquin* on the ground that here, no class certification motion was made.  DRM9.  However, that does not address the nub of that reasoning, *i.e.*, CAFA jurisdiction is generally evaluated at the time the complaint is filed, not based on how the case eventually develops. PM (dkt. 215) at 8 (*quoting Erasquin,* 80 Fed. R. Cerv. 3d 537).

8

V. <u>Messrs. Breit & Lesser May Not Be Sanctioned</u>

  Notwithstanding the terms of Rule 11 itself and the contrary case law that Lillienstein attempts, but fails, to distinguish (*see* Plaintiffs' Rule 11 Mem., dkt. 212, 14-20), he persists in asserting that it is Messrs. Breit and Lesser who somehow have the burden of proof in defending against the Rule 11 and Section 1927 charges that he levels against them. *See* DRM10-12. That, of course, is not the case. Lillienstein can point to no situation where attorneys who are just listed as co-counsel on signature blocks to pleadings have ever been found to violate either Rule 11 or Section 1927. His newly (and belatedly) proffered single case of *In re Australia and New Zealand Banking group Ltd. Securities Litigation*, 712 F. Supp 2d 255 (S.D.N.Y. 2010) involved, in distinct contrast, attorneys who both signed the complaint and appeared and argued in Court and who, ultimately, admitted that they were the responsible parties for an erroneous allegation in a complaint that sent the entirety of a litigation in a wrong direction. *In re Australia* is decidedly far afield from the situation here where Messrs. Breit and Lesser did not sign, file or advocate the allegedly wrongful pleading which was, in any event, withdrawn before the Court ever ruled on it..

  It is singularly telling that Lillienstein refuses to address the most salient points raised in opposition to his motions with respect to Breit and Lesser, instead merely repeating what he stated before, as though ignoring the inconsistencies in the sanctions motions will give the motions more gravitas. For instance, with regard to the filing of the *Teague* complaint after plaintiffs' withdrawal of the motion to amend here, Lillienstein declines to address the fact that *Teague* was filed as a related proceeding to an almost identical case pending in the Southern District which for the previous 1 ½

9

years has been defended by Lillienstein's law firm. Instead he asserts that "... one case was withdrawn in one court, after years of litigation and numerous adverse rulings, and then filed in a different court..." LRA23¶56 (dkt. 225). But *Gagasoules* was not withdrawn, nor was it filed in a different court. Likewise, he has to argue that by "lending" their names to the Supplemental Memorandum of Law in Support of the Motion to Amend, Messrs. Breit and Lesser were responsible for "multiplying " the proceedings. He conveniently ignores that the Supplemental Memorandum was *ordered* by this Court. Dkt 171. Yet further, Lillienstein turns the facts on their heads by asserting that somehow Breit and Lesser were at fault for not alerting him to governing Second Circuit authority (when he said there was none) after they pointed out that the proposed Rule 11 motion lacked support in both fact and law.

Messrs. Breit and Lesser have been forced to expend time and resources to oppose these vexatious and harassing motions. In short, we submit that it is Lillienstein who has vexatiously multiplied the proceedings with his sanctions motions.

## CONCLUSION

For the reasons set forth herein, Lillienstein's motions for sanctions pursuant to 28 U.S.C. §1927 should be denied, and Plaintiffs' cross-motion should be granted.

Dated: January 16, 2012

                                              Respectfully submitted,

                                                    Sd/
                                      By:_____

                                      Krishnan Shanker Chittur
                                      CHITTUR & ASSOCIATES, P.C.
                                      286 Madison Avenue
                                      Suite 1100
                                      New York, NY 10017

Tel: 212- 370-0447
Fax: 212-370-0465

Keith Altman

   Sd/
By:_____
Law Offices of Keith Altman
1279 Route 300
Newburgh, NY 12551
(516) 456-5885

Seth R. Lesser

   Sd/
By:_____
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
Facsimile: (914) 934-9220

Mitchell M. Breit

   Sd/
By:_____
HANLY CONROY BIERSTEIN
SHERIDAN FISHER & HAYES, LLP
112 Madison Avenue
New York, New York 10016
Tel. (212) 784-6400
Fax (212) 213-5949

*Attorneys for Plaintiffs*